IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN SANCHEZ, | ) |
| | ) JUDGE CEDARBAUM |
| Plaintiff, | ) |
| | ) 08 CV 0055 |
| v. | ) Docket No. |
| | ) |
| WESLEY SMITH DALLAS, WESLEY SMITH | ) |
| DALLAS d/b/a DALLAS TRUCKING, CLINTON | ) |
| DORRIS, CLINTON DORRIS a/k/a HOMER | ) |
| CLINTON DORRIS, and CLINTON DORRIS | ) RECEIVED |
| d/b/a EVERY SAVINGS POSSIBLE | ) |
| | ) JAN 03 2008 |
| Defendants. | ) U.S.D.C. S.D.N.Y. |
| | ) CASHIERS |

NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE SOUTHERN DISTRICT OF NEW YORK, AND TO PLAINTIFF:

PLEASE TAKE NOTICE that Defendants hereby file their Notice of Removal under 28 U.S.C. §1446 to effect removal of this matter which was commenced in the Supreme Court of the State of New York, County of the Bronx, under Index No. 301797/07. Removal is proper for the following reasons:

1. On October 12, 2007, Plaintiff filed this action in the Supreme Court of the State of New York, County of the Bronx, under Index No. 301797/07. Plaintiff's counsel has provided an affidavit of service alleging that service of plaintiff's summons and complaint was made upon one or more of the defendants through New York's Secretary of State on December 7, 2007. Although the defendants did not receive those pleadings until weeks thereafter, even calculating from that alleged date of service, this Notice of Removal is being served and filed in less than thirty days since such service.

2. This court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because the claims of JUAN SANCHEZ—both now and when it was

started in state court—are between citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

3. Diversity is set forth in plaintiff's own pleadings. Plaintiff alleges that he is a resident of the County of the Bronx. Upon information and belief, defendants Wesley Smith Dallas and Homer Clinton Dorris were (and are) residents of the State of Tennessee. As such, this court has diversity jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332 and this civil action may be removed pursuant to 28 U.S.C. § 1446.

4. Attached hereto as Exhibit A is a true and correct copy of all pleadings and process filed in this action in the Supreme Court of the State of New York, County of the Bronx, under Index No. 301797/07. A notice of filing of this Notice of Removal is being concurrently filed with the Supreme Court of the State of New York, County of the Bronx.

**WHEREFORE**, defendants pray that this civil action be removed to this Court from the Supreme Court of New York, County of the Bronx.

Dated: New York, New York
      January 3, 2008

Respectfully submitted,

NEWMAN FITCH ALTHEIM MYERS, P.C.
Attorneys for Defendants
WESLEY SMITH DALLAS s/h/a WESLEY
SMITH DALLAS and WESLEY SMITH
DALLAS d/b/a DALLAS TRUCKING, and
HOMER CLINTON DORRIS s/h/a
CLINTON DORRIS and CLINTON DORRIS
a/k/a HOMER CLINTON DORRIS and
CLINTON DORRIS d/b/a EVERY SAVINGS
POSSIBLE

By: _____
CHARLES W. KREINES [8357]
14 Wall Street - 22nd Floor
New York, New York 10005-2101
Telephone: (212) 619-4350
Our Ref. No.: CI 16433

TO: MICHAEL S. MURPHY
     Attorneys for Plaintiff
     JUAN SANCHEZ
     25-28 Broadway
     Astoria, New York 11106
     (718) 267-1717

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------X

JUAN SANCHEZ

                              Plaintiff,

            -against-

WESLEY SMITH DALLAS, WESLEY SMITH DALLAS
d/b/a DALLAS TRUCKING, CLINTON DORRIS,
CLINTON DORRIS a/k/a HOMER CLINTON DORRIS,
and CLINTON DORRIS d/b/a EVERY SAVINGS
POSSIBLE

                              Defendants.

---------------------------------------------------------X

SUMMONS

Index No: 301797/2007
Date Purchased: 10-12-07

Plaintiff designates:
Bronx County as the
Place of Trial
Basis of Venue:
Plaintiff's Residence:
150 Prentiss Ave.
Bronx, New York

To the above named Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint was not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Astoria, New York
           October 10, 2007

                                    Yours, etc.,

                                    MICHAEL S. MURPHY
                                    *Attorney for Plaintiff*
                                    25-28 Broadway
                                    Astoria, New York 11106
                                    (718) 267-1717

Defendants' addresses:

WESLEY SMITH DALLAS          WESLEY SMITH DALLAS d/b/a DALLAS TRUCKING
420 Richland Circle                 420 Richland Circle
Gallatin, TN 37066                  Gallatin, TN 37066

CLINTON DORRIS                  CLINTON DORRIS a/k/a HOMER CLINTON DORRIS
1781 Hartsville Pike               1781 Hartsville Pike
Gallatin, TN 37066                  Gallatin, TN 37066

CLINTON DORRIS d/b/a EVERY SAVINGS POSSIBLE
1781 Hartsville Pike
Gallatin, TN 37066

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
JUAN SANCHEZ

            Plaintiff,  VERIFIED COMPLIANT

     -against-        Index No. 301797/07

WESLEY SMITH DALLAS, WESLEY SMITH DALLAS
d/b/a DALLAS TRUCKING, CLINTON DORRIS,
CLINTON DORRIS a/k/a HOMER CLINTON DORRIS,
and CLINTON DORRIS d/b/a EVERY SAVINGS
POSSIBLE

            Defendants.
-------------------------------------------------------------------X

  Plaintiff, JUAN SANCHEZ, as and for his Verified Complaint, by his attorney, MICHAEL S. MURPHY, alleges the following:

  1. That at all times hereinafter mentioned, the plaintiff, JUAN SANCHEZ, was and still is a resident of the County of Bronx, City and State of New York.

  2. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was and still is a resident of the State of Tennessee.

  3. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was doing business as defendant, DALLAS TRUCKING.

  4. That upon information and belief, at all times hereinafter mentioned,

the defendant, CLINTON DORRIS, was also known as defendant, HOMER CLINTON DORRIS.

5. That upon information and belief, at all times hereinafter mentioned, the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, was and still is a resident of the State of Tennessee.

6. That upon information and belief, at all times hereinafter mentioned, the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, was doing business as defendant, EVERY SAVINGS POSSIBLE.

7. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was an employee of the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS.

8. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was an employee of the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

9. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was an agent of the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS.

10. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was an agent of the defendant,

-2-

CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

11. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, d/b/a DALLAS TRUCKING, was an agent of the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

12. That upon information and belief, at all times hereinafter mentioned, the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, was the registered owner of a 2004 Peterbilt motor vehicle, which bore Tennessee license plate and registration number 88113-HY for the year 2004.

13. That upon information and belief, that at all times hereinafter mentioned, defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, was the title owner of a 2004 Peterbilt motor vehicle, which bore Tennessee license plate and registration number 88113-HY for the year 2004.

14. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle with the permission and consent of the owner, defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS.

15. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, d/b/a DALLAS TRUCKING, was operating

-3-

the aforesaid 2004 Peterbilt motor vehicle with the permission and consent of the owner, defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS., d/b/a EVERY SAVINGS POSSIBLE.

16. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle within the scope of his employment with defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS.

17. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle within the scope of his employment with defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

18. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle as the agent of defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

19. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, d/b/a DALLAS TRUCKING, was operating the aforesaid 2004 Peterbilt motor vehicle as the agent of defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

-4-

20. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle on the 3rd Avenue Bridge, at or near the intersection of East 128th Street, in the County of New York, City and State of New York.

21. That on October 12, 2004, at approximately 12:30 a.m., the plaintiff, JUAN SANCHEZ, was operating a 1995 Mazda motor vehicle, on the 3rd Avenue Bridge, at or near the intersection of East 128th Street, in the County of New York, City and State of New York.

22. That on October 12, 2004, at approximately 12:30 a.m., at the aforesaid location, the two aforesaid motor vehicles came in contact.

23. That on October 12, 2004, at approximately 12:30 a.m., at the aforesaid location, the two aforesaid motor vehicles were involved in a motor vehicle accident.

24. That the defendants were negligent in the ownership, operation, management, maintenance, care and control of their motor vehicle in the following manner: in failing to operate said motor vehicle in a manner that was safe and prudent; in failing to maintain a proper look-out while operating the vehicle on the public roadways, more specifically, at the aforementioned location; in failing to have and keep said vehicle under proper and reasonable control, or under such control that the defendant could stop same in time to

avoid the said accident so as not to endanger the life, limb, property or safety of other persons using the public roadways at the aforesaid location, particularly the plaintiff; in failing to exercise reasonable care, diligence and prudence under the circumstances then and there prevailing; in operating the motor vehicle in a careless and negligent manner so as to lose control of same and strike the vehicle being operated by the plaintiff; in operating the motor vehicle at an excessive, unlawful and dangerous rate of speed; in failing to be vigilant, to keep a careful look out for vehicles on the public roadways; in failing to see what there was to be seen; in failing to slow down, apply the brakes, or stop the motor vehicle with reasonable care and diligence; in failing to give proper and/or adequate signals and/or timely warning so to alert other persons using the roadway of any foreseeable danger; in failing to sound the horn so as to warn other persons using said roadways at the time and place of the occurrence of any impending danger; in failing to obey the rules of the road; in failing to observe and/or yield the right of way to other vehicles and pedestrians traveling on and along said thoroughfares; in operating the motor vehicle in violation of the local rules, statutes and ordinances, then and there prevailing; in failing to yield or apply the brakes in such a manner so as to avoid a collision; in failing to take reasonable steps and precautions to avoid an accident with plaintiff's vehicle; in striking plaintiff's vehicle; in failing to avoid striking

-6-

plaintiff's vehicle; in failing to be alert; in falling asleep at the wheel; in failing to maintain the motor vehicle in good operating condition; in operating the motor vehicle while in a dangerous and defective condition, despite actual and constructive notice thereof; in failing to properly hire and train their employees in the maintenance and operation of the vehicle; in operating the motor vehicle in an unsafe manner given the existing weather and road conditions; and in failing to maintain the motor vehicle in a single lane of traffic.

25. That the aforesaid occurrence and the injuries resulting to the plaintiff therefrom, were caused solely and wholly as a result of the negligence of the defendants, without any negligence on the part of the plaintiff contributing thereto.

26. That the plaintiff has sustained a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York, and economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

27. That this action falls within one or more of the exceptions set forth in CPLR § 1602.

28. That solely by reason of the aforesaid, the plaintiff sustained personal injuries to and about his head, limbs, spine and body; became sick, sore, lame and disabled; suffered, and still suffers and will continue to suffer

-7-

for sometime to come, great mental and physical pain, mental anguish and bodily injuries; that plaintiff has been informed and verily believes that future suffering will exist and will be permanent with permanent pain, discomfort, inconvenience and other symptoms, signs and effects.

29. That solely by reason of the aforesaid, the plaintiff was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment in the future.

30. That solely by reason of the aforesaid, the plaintiff was unable to attend to his usual duties and occupation for sometime; upon information and belief the plaintiff will be unable to do so or be limited from doing so permanently or for sometime in the future.

31. That solely by reason of the aforesaid, the plaintiff has sustained damage to his property.

32. That solely by reason of the aforesaid, the plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all courts lower than the Supreme Court.

WHEREFORE, plaintiff, JUAN SANCHEZ, demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all courts lower than the Supreme Court, together with interest and the costs and disbursements of this action.

-8-

Dated: Astoria, New York
October 10, 2007

Yours, etc.

*[signature]*

MICHAEL S. MURPHY
*Attorney for Plaintiff*
25-28 Broadway
Astoria, New York 11106
(718) 267-1717

-9-

## ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice in the State of New York affirms, upon information and belief, under penalty of perjury as follows:

That I am the attorney of record for the plaintiff in the within action. That I have read the within VERIFIED COMPLAINT and know the contents thereof. The same are true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

That this Affirmation is made by the undersigned and not by the plaintiff, because plaintiff is not presently within the county where affirmant maintains his offices.

That the grounds of affirmant's belief as to all matters not stated to be upon affirmant's own knowledge are records, reports and other data contained in the file in affirmant's offices.

Dated: Astoria, New York
October 10, 2007

_____
MICHAEL S. MURPHY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No: 301797/07

JUAN SANCHEZ

         Plaintiff,

-against-

WESLEY SMITH DALLAS, WESLEY SMITH DALLAS
d/b/a DALLAS TRUCKING, CLINTON DORRIS,
CLINTON DORRIS a/k/a HOMER CLINTON DORRIS,
and CLINTON DORRIS d/b/a EVERY SAVINGS POSSIBLE

         Defendants.

### SUMMONS and VERIFIED COMPLAINT

**MICHAEL S. MURPHY**
*Attorney for Plaintiff*
25-28 Broadway
Astoria, New York 11106
(718) 267-1717

TO:

 Attorneys for Defendant

Service of a copy of the within is hereby admitted.

Dated: _____

      Attorneys for _____

**PLEASE TAKE NOTICE** that pursuant to CPLR § 2103(b)(5),
MICHAEL S. MURPHY does not consent to service
of any papers by electronic means (facsimile).

**MICHAEL S. MURPHY**
25-28 Broadway, Astoria, New York 11106

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         :ss:
COUNTY OF NEW YORK       )

        LISA ANN RAO, being duly sworn, deposes and says:

        I am not a party to this action, I am over 18 years of age and I reside at Richmond County, New York.

        On January 4, 2008, I served the within **NOTICE OF REMOVAL** upon the attorneys listed below at the address designated by said attorneys and for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

TO:   MICHAEL S. MURPHY
       Attorneys for Plaintiff
       JUAN SANCHEZ
       25-28 Broadway
       Astoria, New York 11106
       (718) 267-1717

_____
LISA ANN RAO

Sworn to before me this
4TH day of January, 2008

_____
Notary Public
Charles W. Kreines
Notary Public, State of New York
No. 24-4800077
Qualified in Kings County
Commission Expires December 31, 2009

Index No.          Year                    RJI No.                        **NCI 16433**
                                                                           Hon.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JUAN SANCHEZ,

                            Plaintiff,

-against-

WESLEY SMITH DALLAS, WESLEY SMITH DALLAS d/b/a
DALLAS TRUCKING, CLINTON DORRIS, CLINTON DORRIS
a/k/a HOMER CLINTON DORRIS, and CLINTON DORRIS d/b/a
EVERY SAVINGS POSSIBLE,

                            Defendants.

## *NOTICE OF REMOVAL*

NEWMAN FITCH ALTHEIM MYERS, P.C.
*Attorneys for* **DEFENDANTS**
*Office and Post Office Address, Telephone*
14 WALL STREET
NEW YORK, N.Y. 10005-2101
(212) 619-4350

To

Attorney(s) for

Signature (Rule 130-1.1-a)
..............................................
Print name beneath

Service of a copy of the within
Dated,                                                              is hereby admitted.
..............................................
Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order
settlement to the HON.                             of which the within is a true copy will be presented for
of the within named court, at                                                   one of the judges
on                              at                     M

Dated,                                      Yours, etc.
                                            NEWMAN FITCH ALTHEIM MYERS, P.C.
                                            *Attorneys for*
To                                              Office and Post Office Address
                                                14 WALL STREET
Attorney(s) for                                 NEW YORK, N.Y. 10005-2101