## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JUAN SANCHEZ, | ) | Judge Cedarbaum |
| Plaintiff, | ) | |
| v. | ) | Docket No.: 08 CV 0055 |
| WESLEY SMITH DALLAS, WESLEY SMITH DALLAS d/b/a DALLAS TRUCKING, CLINTON DORRIS, CLINTON DORRIS a/k/a HOMER CLINTON DORRIS, and CLINTON DORRIS d/b/a EVERY SAVINGS POSSIBLE | ) | |
| Defendants. | ) | |

### AFFIDAVIT IN OPPOSITION TO MOTION TO REMAND

STATE OF NEW YORK   )
                   :    ss.:
COUNTY OF NEW YORK  )

       Olivia M. Gross, an attorney duly admitted to practice in the United States District Court for the Southern District of New York hereby affirms the following upon information and belief and pursuant to the penalties of perjury as follows:

       1.    I am a member of the firm of NEWMAN FITCH ALTHEIM MYERS, P.C., attorneys for the defendants WESLEY SMITH DALLAS a/h/a WESLEY SMITH DALLAS, WESLEY SMITH DALLAS d/b/a DALLAS TRUCKING [hereafter "W.S. DALLAS"], and HOMER CLINTON DORRIS s/h/a CLINTON DORRIS, CLINTON DORRIS a/k/a HOMER CLINTON DORRIS, and CLINTON DORRIS d/b/a EVERY SAVINGS POSSIBLE [hereafter "DORRIS"].  As such, I am fully familiar with the facts and circumstances related herein based upon a review of the file maintained by this office.

2.    I submit this affidavit in opposition to plaintiff's motion to remand this matter from the United States District Court to the Supreme Court of the State of New York, County of Bronx.  The documents that are relevant and pertinent to this Court's determination of the present motion to remand are annexed hereto as:

| | | |
|---|---|---|
| i) | Plaintiff's Summons and Complaint - | Exhibit "A" |
| ii) | Plaintiff's Affidavit of Service for Summons and Complaint - | Exhibit "B" |
| iii) | Defendants' Notice of Removal - | Exhibit "C" |
| iv) | Defendants' Answer - | Exhibit "D" |
| v) | W.S. DALLAS's Notice – Filing of Bankruptcy Including Creditor with Provision of "Automatic Stay" of Bankruptcy Sec. 361 and 362 - | Exhibit "E" |

## COUNTER-STATEMENT OF RELEVANT FACTS

3.    Plaintiff commenced the present action on or about October 12, 2007, by filing a summons and complaint in New York State Supreme Court.  A copy of the summons and complaint is annexed hereto as Exhibit "A".

4.    The summons and complaint was served on the defendants on December 7, 2007, through the New York Secretary of State, pursuant to the New York Vehicle and Traffic Law § 253.  Annexed hereto as Exhibit "B" is a copy of the plaintiff's affidavit of service for the summons and complaint.

5.    On January 3, 2008, a Notice of Removal under 28 U.S.C. § 1446 was filed with this District Court on behalf of the defendants herein.  Annexed hereto as Exhibit "C" is a copy of the Notice of Removal.

2

6.      Shortly thereafter, on January 7, 2008, an answer to plaintiff's complaint was filed jointly on behalf of the co-defendants W.S. DALLAS and DORRIS. Annexed hereto as Exhibit "D" is a copy of the defendants' answer.

7.      After filing the answer jointly on behalf of all co-defendants on January 7, 2008, this affiant, as counsel for defendants herein, subsequently learned for the first time that, in fact, defendant W.S. DALLAS had already filed for Chapter 7 Bankruptcy on November 16, 2007, prior to the date he was served with plaintiff's summons and complaint. Such filing was done by W.S. DALLAS himself, *pro se*, before the law firm of this affirmant was retained to represent W.S. DALLAS in this action. Annexed hereto as Exhibit "E" is a copy of a document, entitled "Notice – Filing of Bankruptcy Including Creditor with Provision of 'Automatic Stay' of bankruptcy Sec. 361 and 362" that was sent to plaintiff's counsel herein by W.S. DALLAS himself. This Notice advises, in pertinent parts, that W.S. DALLAS had filed a Chapter 7 Bankruptcy Petition [Case # 307-08541] on November 16, 2007 in Middle District of Tennessee, Nashville, TN 37203.

## SUMMARY OF LEGAL ARGUMENT IN OPPOSITION TO MOTION TO REMAND

8.      As will be discussed further below, plaintiff's motion to remand must be denied, as a matter of law. Plaintiff has essentially set forth two separate arguments in support of his contention that the defendants' notice of removal was defective.

9.      First of all, plaintiff contends that defendants' notice of removal was untimely served because it supposedly was served more than thirty (30) days after the summons and complaint was received by defendant W.S. DALLAS. However, as explained below, plaintiff did not serve his summons and complaint until after W.S. DALLAS had already filed a Petition for Bankruptcy pursuant to Chapter 7 of the US Bankruptcy Code.

3

10.    Because the November 16, 2007 Bankruptcy filing by W.S. DALLAS immediately triggered the automatic stay provisions of the United States Bankruptcy Code [see 11 USC § 362[a][1]], plaintiff's subsequent service of process upon the Bankruptcy Petitioner , W.S. DALLAS, was void *ab initio*. As a result, the document that plaintiff has annexed to his motion papers as Exhibit "A", which plaintiff has mischaracterized as a '*pro se* answer', is a nullity, without any effect on the current proceedings. Consequently, this Court's determination as to the timeliness of defendants' filing of their Notice of Removal is limited to a consideration of whether that Notice was filed within thirty (30) days from the receipt of plaintiff's summons and complaint by defendant DORRIS [the only defendant over whom the New York State Court has personal jurisdiction] and not measured from the receipt of the invalid summons and complaint by co-defendant W.S. DALLAS.

11.    Therefore, because plaintiff served his summons and complaint upon defendant DORRIS no earlier than December 7, 2007, and the Notice of Removal was filed on January 3, 2008, the filing was accomplished within the statutory thirty-day period and, thus, was timely, as a matter of law.

12.    As a second basis for his present motion to remand, plaintiff further claims that the defendants' Notice of Removal is defective because one defendant, DORRIS, supposedly did not properly obtain the consent of his co-defendant, W.S. DALLAS to removal of this action to Federal Court. According to plaintiff's argument, because there is allegedly no indication that the removal was made or consented to by the co-defendant [W.S. DALLAS] and/or his bankruptcy trustee, there is no 'unanimity' among the defendants and, therefore, this case must be remanded.

13.    Yet, as noted above, on December 7, 2007, when plaintiff allegedly served his summons and complaint upon defendant W.S. DALLAS, that defendant had already filed his petition for bankruptcy on November 16, 2007. See Exhibit "B" [Affidvait of Service] and Exhibit

4

"E" [Notice – Filing of Bankruptcy].  Thus, because the automatic stay triggered by that filing had the effect of voiding the commencement of the action [at least as against the debtor, W.S. DALLAS], when defendant DORRIS served and filed his Notice of Removal, he was the only defendant in this action at that time [and, to date, remains as the only existing defendant herein because the automatic stay is still in effect].    Accordingly, because defendant DORRIS was the only proper defendant in this action at the time that he filed his Notice of Removal, there was no requirement that he obtain consent from the other named defendant [who was never properly served with the summons and complaint] or from the trustee from the bankruptcy proceeding.  Therefore, plaintiff's motion to remand must be denied, as a matter of law.

## LEGAL ARGUMENT IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

14.    Section 1441(a) of title 28 of the United States Code provides that "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court."  28 U.S.C. § 1441(a).  A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a).  A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition.  Whitaker v. American Telecasting, Inc., 261 F.3d 196, 205-206 (2$^d$ Cir., 2001)

15.    A defendant who is served with a pleading that meets these criteria must file its notice for removal within thirty days.  See 28 U.S.C. § 1446(b).  Days are counted in accordance with Rule 6(a) of the Federal Rules of Civil Procedure.  See Fed.R.Civ.P. 6(a) (providing that Rule 6 applies "in computing any period of time prescribed . . . by any applicable statute.").

16.    Courts differ as to when the thirty-day removal period begins to run where there are multiple defendants who are not served simultaneously, and the last served defendant seeks removal. See Varela v. Flintlock Constr., Inc., 148 F.Supp.2d 297, 299 (S.D.N.Y., 2001) (collecting cases, and stating that the first-served defendant rule is the "majority" rule in this district). Some courts follow the "first-served defendant rule," which interprets the thirty-day provision of section 1446 to mean that no defendant may seek removal later than thirty days from when the first defendant was served. Id. Other courts have adopted the "removing defendant" rule, which provides that each "defendant has 30 days from the date of service [of the complaint upon that defendant] to remove a case to federal district court." See Fernandez v. Hale Trailer Brake & Wheel, 332 F.Supp.2d 621, 623-24 (S.D.N.Y., 2004) (applying the last-served defendant rule).

17.    The Second Circuit has never ruled on this question. See Bashford v. Crown Fin. Group, No. 05 Civ. 2217, 2005 U.S. Dist. LEXIS 15811, at * 11 (S.D.N.Y., July 27, 2005). However, by application of either rule to the particular circumstances presented herein, it is now evident that the Notice of Removal was timely filed by defendant DORRIS.

18.    This is so because it has been held that, where there are multiple defendants, "all named defendants over whom the state court has acquired jurisdiction must join in the removal petition for removal to be proper." See Bashford v. Crown Fin. Group, supra, 2005 U.S. Dist. LEXIS 15811, at * 11. (emphasis added)

19.    In the present matter, the New York State Court has never acquired personal jurisdiction over DORRIS's named co-defendant, W.S. DALLAS. As explained above, this is because, at the time that the summons and complaint was first served by plaintiff upon W.S. DALLAS, he had already filed his petition for bankruptcy and, therefore, such service of process was ineffective due to the triggering of the automatic bankruptcy stay.

6

**Automatic Stay**

20.    The filing of a bankruptcy petition operates as a stay applicable to all entities

regarding the commencement or continuation of judicial proceedings against the debtor. In that

regard, 11 U.S.C. § 362(a)(1) provides that:

> (a) Except as provided in subsection (b) of this section, a petition filed under
> section 301, 302, or 303 of this title, or an application filed under section
> 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay,
> applicable to all entities, of-
> (1) **the commencement** or continuation, **including the issuance or
> employment of process, of a judicial,** administrative, **or other action** or
> proceeding **against the debtor that** was or **could have been commenced
> before the commencement of the case under this title,** or to recover a
> claim against the debtor that arose before the commencement of the case
> under this title.

:

21.    It is said that the protections of the stay are automatic and mandatory with

the filing of the bankruptcy petition. Elder-Beerman Stores Corp. v. Thomasville Furniture Indus.

Inc. (In re Elder-Beerman Stores Corp.), 195 B.R. 1019, 1023 (Bankr.S.D.Ohio 1996). Thus, it has

been held that the commencement or continuation of a judicial action or proceeding "clearly" is

subject to the automatic stay of section 362.  Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522 (2d

Cir., 1994)

22.    The scope of the automatic stay is broad [see AP Indus., Inc. v. SN Phelps &

Co. (In re AP Indus., Inc.), 117 B.R. 789, 798 (Bankr.S.D.N.Y.1990) ("Congress intended that the

scope of the automatic stay be broad in order to effectuate its protective purposes on behalf of both

debtors and creditors ....")], and is a fundamental debtor protection [e.g., Eastern Refractories Co.

Inc. v. Forty Eight Insulations Inc., 157 F.3d 169, 172 (2d Cir.1998) (citing legislative sources)],

that not only protects debtors but protects creditors as well. See, e.g., Keene Corp. v. Coleman (In

re Keene Corp.), 164 B.R. 844, 849 (Bankr.S.D.N.Y.1994).

23.    It has been observed that:

> The automatic stay promote[s] two principal purposes of the Bankruptcy Code. First, the automatic stay provides the debtor with a breathing spell from ... creditors. [Second,] the automatic stay allows the bankruptcy court to centralize all disputes concerning property of the debtor's estate in the bankruptcy court so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas.

Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.), 922 F.2d 984, 989 (2d Cir.1990) (internal citations and quotation marks omitted).

## CONCLUSION

24.    On a motion to remand, "the defendant bears the burden of demonstrating the propriety of the removal." Cal. Pub. Employee's Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir.2004) (quoting Grimo v. Blue Cross/Blue Shield of Vt., 34 F.3d 148, 151 (2d Cir.1994)).

25.    In the present matter, the cover page of the defendants' Notice of Removal [See Exhibit "C"] bears a stamp that confirms that it was received for filing in the U.S.D.C., S.D.N.Y. Cashiers' Office on January 3, 2008. The Notice also clearly states:

a) that the District Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the claims of plaintiff JUAN SANCHEZ – both now and when it was started in New York State Supreme Court- are between citizens of different states and, upon information and belief, the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs;

b)    that diversity is set forth in plaintiff's own pleadings in that plaintiff alleges he is a resident of the County of Bronx, State of New York, and that the defendants, WS DALLAS and DORRIS, were (and are) residents of the State of Tennessee; and

c)    that, as such, the District Court has diversity jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332 and that this civil action may be removed pursuant to 28 U.S.C. § 1446.

8

26.    Annexed hereto as Exhibit "B" is a copy of the affidavit of service filed by plaintiff in New York State Supreme Court in connection with his service of the summons and complaint upon defendant DORRIS. This affidavit unambiguously states that service of the pleadings was not effectuated on that defendant until December 7, 2007 through New York's Secretary of State.

27.    Accordingly, it is evident that:

1)    Plaintiff's service of process upon defendant W.S. DALLAS, on or about December 7, 2007, was void *ab initio* because it occurred subsequent to the automatic stay that was triggered on November 16, 2007 when W.S. DALLAS filed his petition for bankruptcy in the Middle District Court of Tennessee, Nashville, TN 37203 [case No. 307-08541] [See Exhibit "E"];

2)    The Notice of Removal that was served on behalf of the defendant DORRIS was filed with this Court on January 3, 2008 which was within his statutory thirty-day period provided by 28 U.S.C. § 1446(a) [See Exhibit "C"];

3)    Since plaintiff has not yet properly effectuated service of process upon defendant W.S. DALLAS in this action due to the effect of the automatic stay provision of the U.S. Bankruptcy Code, co-defendant DORRIS did not need the consent of W.S. DALLAS at the time he filed the Notice of Removal in this action;  and,

4)    Therefore, plaintiff's contention that the Notice of Removal was untimely and/or otherwise improperly filed on behalf of defendant DORRIS is incorrect, as a matter of law.

**WHEREFORE**, it is respectfully requested that an order be issued denying the motion to remand and furthermore scheduling an initial conference before Judge Miriam Golden Cedarbaum so that discovery proceedings may go forward, and for such other and further relief as to this court deems just and proper.

Dated: New York, New York
       February 20, 2008

_____
OLIVIA M. GROSS [6008]


Sworn to before me this
20th day of February, 2008

_____
        Notary Public

MARION OPPELT
NOTARY PUBLIC, State of New York
No. 01OP4671339
Qualified in Queens County
Certificate filed in New York County
Commission Expires May 31, 20 10

10

**CERTIFICATE OF SERVICE**

I hereby certify that the affirmation in opposition to motion to remand has been

served on the attorney for plaintiff at the following last-known address:

MICHAEL S. MURPHY
Attorneys for Plaintiff
JUAN SANCHEZ
25-28 Broadway
Astoria, New York 11106
(718) 267-1717

I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

s/ Olivia M. Gross
OLIVIA M. GROSS  [6008]

Dated: February 20, 2008

11

*NCI 16433*

| Docket | 08 CV 0055 | RJI No. | Hon. |
|---|---|---|---|

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JUAN SANCHEZ,

        Plaintiff,

   -against-

WESLEY SMITH DALLAS, WESLEY SMITH DALLAS d/b/a
DALLAS TRUCKING, CLINTON DORRIS, CLINTON DORRIS
a/k/a HOMER CLINTON DORRIS, and CLINTON DORRIS d/b/a
EVERY SAVINGS POSSIBLE,

        Defendants.

---

### *AFFIDAVIT IN OPPOSITION*

---

NEWMAN FITCH ALTHEIM MYERS, P.C.
*Attorneys for* **DEFENDANTS**
*Office and Post Office Address, Telephone*
14 WALL STREET
NEW YORK, N.Y. 10005-2101
(212) 619-4350

---

| To | Signature (Rule 130-1.1-a) |
|---|---|
| | .................................................... |
| | Print name beneath |
| Attorney(s) for | |

Service of a copy of the within                             is hereby admitted.
Dated,                                       ....................................................
                                     Attorney(s) for

---

Please take notice

☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT
that an order                     of which the within is a true copy will be presented for
settlement to the HON.                     one of the judges
of the within named court, at
on                 at                 M

Dated,                                    Yours, etc.
                                   NEWMAN FITCH ALTHEIM MYERS, P.C.
                                   *Attorneys for*
To                                    *Office and Post Office Address*
                                   14 WALL STREET
Attorney(s) for                         NEW YORK, N.Y. 10005-2101

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X

JUAN SANCHEZ

                                        Plaintiff,

        -against-

WESLEY SMITH DALLAS, WESLEY SMITH DALLAS
d/b/a DALLAS TRUCKING, CLINTON DORRIS,
CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS,
and CLINTON DORRIS d/b/a EVERY SAVINGS
POSSIBLE

                                        Defendants.
-------------------------------------------------------------X

**SUMMONS**

Index No. 301797/2007
Date Purchased: 10-12-07

Plaintiff designates:
Bronx County as the
Place of Trial
Basis of Venue:
Plaintiff's Residence:
150 Prentiss Ave.
Bronx, New York

To the above named Defendants:

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint was not served with this summons,
to serve a notice of appearance on the plaintiff's attorney within 20 days after the
service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State
of New York); and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

Dated:     Astoria, New York
           October 10, 2007

                              Yours, etc.,

                              MICHAEL S. MURPHY
                              *Attorney for Plaintiff*
                              25-28 Broadway
                              Astoria, New York 11106
                              (718) 267-1717

Defendants' addresses:

WESLEY SMITH DALLAS              WESLEY SMITH DALLAS d/b/a DALLAS TRUCKING
420 Richland Circle             420 Richland Circle
Gallatin, TN 37066              Gallatin, TN 37066

CLINTON DORRIS                  CLINTON DORRIS a/k/a HOMER CLINTON DORRIS
1781 Hartsville Pike            1781 Hartsville Pike
Gallatin, TN 37066              Gallatin, TN 37066

CLINTON DORRIS d/b/a EVERY SAVINGS POSSIBLE
1781 Hartsville Pike
Gallatin, TN 37066

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

$P 28861$

-------------------------------------------X

JUAN SANCHEZ

                              Plaintiff,           VERIFIED COMPLIANT

         -against-                                 Index No. $301797/07$

WESLEY SMITH DALLAS, WESLEY SMITH DALLAS
d/b/a DALLAS TRUCKING, CLINTON DORRIS,
CLINTON DORRIS a/k/a HOMER CLINTON DORRIS,
and CLINTON DORRIS d/b/a EVERY SAVINGS
POSSIBLE

                              Defendants.
-------------------------------------------X

    Plaintiff, JUAN SANCHEZ, as and for his Verified Complaint, by his

attorney, MICHAEL S. MURPHY, alleges the following:

    1.   That at all times hereinafter mentioned, the plaintiff, JUAN

SANCHEZ, was and still is a resident of the County of Bronx, City and State of

New York.

    2.   That upon information and belief, at all times hereinafter mentioned,

the defendant, WESLEY SMITH DALLAS, was and still is a resident of the State

of Tennessee.

    3.   That upon information and belief, at all times hereinafter mentioned,

the defendant, WESLEY SMITH DALLAS, was doing business as defendant,

DALLAS TRUCKING.

    4.   That upon information and belief, at all times hereinafter mentioned,

the defendant, CLINTON DORRIS, was also known as defendant, HOMER CLINTON DORRIS.

5. That upon information and belief, at all times hereinafter mentioned, the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, was and still is a resident of the State of Tennessee.

6. That upon information and belief, at all times hereinafter mentioned, the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, was doing business as defendant, EVERY SAVINGS POSSIBLE.

7. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was an employee of the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS.

8. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was an employee of the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

9. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was an agent of the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS.

10. That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, was an agent of the defendant,

-2-

CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

11.    That upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY SMITH DALLAS, d/b/a DALLAS TRUCKING, was an agent of the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

12.    That upon information and belief, at all times hereinafter mentioned, the defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, was the registered owner of a 2004 Peterbilt motor vehicle, which bore Tennessee license plate and registration number 88113-HY for the year 2004.

13.    That upon information and belief, that at all times hereinafter mentioned, defendant, CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, was the title owner of a 2004 Peterbilt motor vehicle, which bore Tennessee license plate and registration number 88113-HY for the year 2004.

14.    That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle with the permission and consent of the owner, defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS.

15.    That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, d/b/a DALLAS TRUCKING, was operating

-3-

the aforesaid 2004 Peterbilt motor vehicle with the permission and consent of the owner, defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS., d/b/a EVERY SAVINGS POSSIBLE.

16. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle within the scope of his employment with defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS.

17. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle within the scope of his employment with defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

18. That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle as the agent of defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

19. That on October 12, 2004. at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, d/b/a DALLAS TRUCKING, was operating the aforesaid 2004 Peterbilt motor vehicle as the agent of defendant CLINTON DORRIS, a/k/a HOMER CLINTON DORRIS, d/b/a EVERY SAVINGS POSSIBLE.

-4-

20.   That on October 12, 2004, at approximately 12:30 a.m., the defendant, WESLEY SMITH DALLAS, was operating the aforesaid 2004 Peterbilt motor vehicle on the 3rd Avenue Bridge, at or near the intersection of East 128th Street, in the County of New York, City and State of New York.

21.   That on October 12, 2004, at approximately 12:30 a.m., the plaintiff, JUAN SANCHEZ, was operating a 1995 Mazda motor vehicle, on the 3rd Avenue Bridge, at or near the intersection of East 128th Street, in the County of New York, City and State of New York.

22.   That on October 12, 2004, at approximately 12:30 a.m., at the aforesaid location, the two aforesaid motor vehicles came in contact.

23.   That on October 12, 2004, at approximately 12:30 a.m., at the aforesaid location, the two aforesaid motor vehicles were involved in a motor vehicle accident.

24.   That the defendants were negligent in the ownership, operation, management, maintenance, care and control of their motor vehicle in the following manner: in failing to operate said motor vehicle in a manner that was safe and prudent; in failing to maintain a proper look-out while operating the vehicle on the public roadways, more specifically, at the aforementioned location; in failing to have and keep said vehicle under proper and reasonable control, or under such control that the defendant could stop same in time to

-5-

avoid the said accident so as not to endanger the life, limb, property or safety of other persons using the public roadways at the aforesaid location, particularly the plaintiff; in failing to exercise reasonable care, diligence and prudence under the circumstances then and there prevailing; in operating the motor vehicle in a careless and negligent manner so as to lose control of same and strike the vehicle being operated by the plaintiff; in operating the motor vehicle at an excessive, unlawful and dangerous rate of speed; in failing to be vigilant, to keep a careful look out for vehicles on the public roadways; in failing to see what there was to be seen; in failing to slow down, apply the brakes, or stop the motor vehicle with reasonable care and diligence; in failing to give proper and/or adequate signals and/or timely warning so to alert other persons using the roadway of any foreseeable danger; in failing to sound the horn so as to warn other persons using said roadways at the time and place of the occurrence of any impending danger; in failing to obey the rules of the road; in failing to observe and/or yield the right of way to other vehicles and pedestrians traveling on and along said thoroughfares; in operating the motor vehicle in violation of the local rules, statutes and ordinances, then and there prevailing; in failing to yield or apply the brakes in such a manner so as to avoid a collision; in failing to take reasonable steps and precautions to avoid an accident with plaintiff's vehicle; in striking plaintiff's vehicle; in failing to avoid striking

-6-

plaintiff's vehicle; in failing to be alert; in falling asleep at the wheel; in failing to maintain the motor vehicle in good operating condition; in operating the motor vehicle while in a dangerous and defective condition, despite actual and constructive notice thereof; in failing to properly hire and train their employees in the maintenance and operation of the vehicle; in operating the motor vehicle in an unsafe manner given the existing weather and road conditions; and in failing to maintain the motor vehicle in a single lane of traffic.

25. That the aforesaid occurrence and the injuries resulting to the plaintiff therefrom, were caused solely and wholly as a result of the negligence of the defendants, without any negligence on the part of the plaintiff contributing thereto.

26. That the plaintiff has sustained a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York, and economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

27. That this action falls within one or more of the exceptions set forth in CPLR § 1602.

28. That solely by reason of the aforesaid, the plaintiff sustained personal injuries to and about his head, limbs, spine and body; became sick, sore, lame and disabled; suffered, and still suffers and will continue to suffer

-7-

for sometime to come, great mental and physical pain, mental anguish and bodily injuries; that plaintiff has been informed and verily believes that future suffering will exist and will be permanent with permanent pain, discomfort, inconvenience and other symptoms, signs and effects.

29. That solely by reason of the aforesaid, the plaintiff was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment in the future.

30. That solely by reason of the aforesaid, the plaintiff was unable to attend to his usual duties and occupation for sometime; upon information and belief the plaintiff will be unable to do so or be limited from doing so permanently or for sometime in the future.

31. That solely by reason of the aforesaid, the plaintiff has sustained damage to his property.

32. That solely by reason of the aforesaid, the plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all courts lower than the Supreme Court.

WHEREFORE, plaintiff, JUAN SANCHEZ, demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all courts lower than the Supreme Court, together with interest and the costs and disbursements of this action.

-8-

Dated:     Astoria, New York
           October 10, 2007

                              Yours, etc.

                              MICHAEL S. MURPHY
                              *Attorney for Plaintiff*
                              25-28 Broadway
                              Astoria, New York 11106
                              (718) 267-1717

                              -9-

1/2/2008 2:48 PM  PAGE  7/015  Fax Server

## ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice in the State of New York affirms, upon information and belief, under penalty of perjury as follows:

That I am the attorney of record for the plaintiff in the within action. That I have read the within VERIFIED COMPLAINT and know the contents thereof. The same are true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

That this Affirmation is made by the undersigned and not by the plaintiff, because plaintiff is not presently within the county where affirmant maintains his offices.

That the grounds of affirmant's belief as to all matters not stated to be upon affirmant's own knowledge are records, reports and other data contained in the file in affirmant's offices.

Dated:    Astoria, New York
          October 10, 2007

MICHAEL S. MURPHY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                    Index No: 301797/07

JUAN SANCHEZ

                                        Plaintiff,

-against-

WESLEY SMITH DALLAS, WESLEY SMITH DALLAS
d/b/a DALLAS TRUCKING, CLINTON DORRIS,
CLINTON DORRIS a/k/a HOMER CLINTON DORRIS,
and CLINTON DORRIS d/b/a EVERY SAVINGS POSSIBLE

                                        Defendants.

## SUMMONS and VERIFIED COMPLAINT

MICHAEL S. MURPHY,
*Attorney for Plaintiff*
25-28 Broadway
Astoria, New York 11106
(718) 267-1717

TO:
     Attorneys for Defendant

Service of a copy of the within is hereby admitted.

Dated:
                    Attorneys for

PLEASE TAKE NOTICE that pursuant to CPLR § 2103(b)(5),
MICHAEL S. MURPHY does not consent to service
of any papers by electronic means (facsimile).

MICHAEL S. MURPHY
25-28 Broadway, Astoria, New York 11106

575473

SUPREME COURT OF NEW YORK
BRONX COUNTY

INDEX NO: 301797/07
FILE DATE: 10/12/2007
ATTY: MICHAEL S. MURPHY
25-28 BROADWAY
ASTORIA, NY 11106

STATE OF NEW YORK: COUNTY OF BRONX

EPS No. 557274
Attorney File No.
Batch No. 0

JUAN SANCHEZ — Plaintiff(s)

- against -

WESLEY SMITH DALLAS, WESLEY SMITH DALLAS D/B/A DALLAS TRUCKING, ETAL — Defendant(s)

STATE OF NEW YORK, COUNTY OF QUEENS: SS:

YOLER JEAN BAPTISTE BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 12/7/2007 at 2:50PM at 123 WILLIAMS STREET, NEW YORK, NY 10007, deponent served the within SUMMONS & VERIFIED COMPLAINT on NEW YORK SECRETARY OF STATE, VTL ON BEHALF OF WESLEY SMITH DALLAS. At time of service the index number and date of filing were on the SUMMONS & VERIFIED COMPLAINT

**CORPORATION**

By delivering to and leaving with NEW YORK SECRETARY OF STATE, VTL ON BEHALF OF WESLEY SMITH DALLAS and that the deponent knew the person so served to be the GENERAL AGENT, DEBORAH JACKSON, AUTHORIZED TO ACCEPT ON

A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS AS FOLLOWS:

Approximate age: 45 Approximate weight: 150 Approximate height: 5'8"
Color of skin: BLACK Color of hair: BLACK Sex: F

SERVED AT SECRETARY OF STATE, 123 WILLIAMS STREET, NEW YORK, NY & SENT VIA FIRST CLASS, CERTIFIED MAIL RETURN RECEIPT REQUESTED ALONG WITH A COPY OF AFFIDAVIT OF SERVICE TO WESLEY SMITH DALLAS AT 420 RICHLAND CIRCLE, GALLATIN, TN 37066 PER 253 VEH & TR LAW ON

Sworn to before me on DEC 1 : 2007

| | | | |
|---|---|---|---|
| LUCIA CHIUSO<br>Commissioner of Deeds<br>City of New York No. 4-4020<br>Certificate Filed in Queens County<br>Commission Expires Aug. 1, 2009 | KEVIN T. MACTIERNAN<br>NOTARY PUBLIC-STATE OF NEW YORK<br>No. 01MA6108032<br>Qualified in Nassau County<br>Commission Expires 4/11/2008 | ANTAK RAEVSKY<br>NOTARY PUBLIC-STATE OF NEW YORK<br>No. 01RA6173189<br>Qualified in Queens County<br>Commission Expires 2/28/2009 | LOUISE A. DUNNE<br>NOTARY PUBLIC-STATE OF NEW YORK<br>No. 01DU6016330<br>Qualified in Queens County<br>Commission Expires 11/16/2010 |

NP

ELITE PROCESS SERVERS * 88-08 Little Neck Parkway; Floral Park, NY 11001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN SANCHEZ,<br><br>     Plaintiff,<br><br>v.<br><br>WESLEY SMITH DALLAS, WESLEY SMITH DALLAS d/b/a DALLAS TRUCKING, CLINTON DORRIS, CLINTON DORRIS a/k/a HOMER CLINTON DORRIS, and CLINTON DORRIS d/b/a EVERY SAVINGS POSSIBLE<br><br>     Defendants. | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) |

       **Judge Cedarbaum**

       **Docket No.: 08 CV 0055**

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE SOUTHERN DISTRICT OF NEW YORK, AND TO PLAINTIFF:

     PLEASE TAKE NOTICE that Defendants hereby file their Notice of Removal under 28 U.S.C. §1446 to effect removal of this matter which was commenced in the Supreme Court of the State of New York, County of the Bronx, under Index No. 301797/07. Removal is proper for the following reasons:

     1.    On October 12, 2007, Plaintiff filed this action in the Supreme Court of the State of New York, County of the Bronx, under Index No. 301797/07. Plaintiff's counsel has provided an affidavit of service alleging that service of plaintiff's summons and complaint was made upon one or more of the defendants through New York's Secretary of State on December 7, 2007. Although the defendants did not receive those pleadings until weeks thereafter, even calculating from that alleged date of service, this Notice of Removal is being served and filed in less than thirty days since such service.

     2.    This court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because the claims of JUAN SANCHEZ—both now and when it was

started in state court—are between citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

3.    Diversity is set forth in plaintiff's own pleadings.  Plaintiff alleges that he is a resident of the County of the Bronx.  Upon information and belief, defendants Wesley Smith Dallas and Homer Clinton Dorris were (and are) residents of the State of Tennessee.  As such, this court has diversity jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332 and this civil action may be removed pursuant to 28 U.S.C. § 1446.

4.    Attached hereto as Exhibit A is a true and correct copy of all pleadings and process filed in this action in the Supreme Court of the State of New York, County of the Bronx, under Index No. 301797/07.  A notice of filing of this Notice of Removal is being concurrently filed with the Supreme Court of the State of New York, County of the Bronx.

WHEREFORE, defendants pray that this civil action be removed to this Court from the Supreme Court of New York, County of the Bronx.

Dated: New York, New York
　　　　January 3, 2008

Respectfully submitted,

NEWMAN FITCH ALTHEIM MYERS, P.C.
Attorneys for Defendants
WESLEY SMITH DALLAS s/h/a WESLEY
SMITH DALLAS and WESLEY SMITH
DALLAS d/b/a DALLAS TRUCKING, and
HOMER CLINTON DORRIS s/h/a
CLINTON DORRIS and CLINTON DORRIS
a/k/a HOMER CLINTON DORRIS and
CLINTON DORRIS d/b/a EVERY SAVINGS
POSSIBLE

By:    _____
CHARLES W. KREINES [8357]
14 Wall Street - 22nd Floor
New York, New York 10005-2101
Telephone: (212) 619-4350
Our Ref. No.: CI 16433

2

TO:     MICHAEL S. MURPHY
        Attorneys for Plaintiff
        JUAN SANCHEZ
        25-28 Broadway
        Astoria, New York 11106
        (718) 267-1717

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JUAN SANCHEZ, | ) ) ) | Judge Cedarbaum |
| Plaintiff, | ) ) | |
| v. | ) ) | Docket No.: 08 CV 0055 |
| WESLEY SMITH DALLAS, WESLEY SMITH DALLAS d/b/a DALLAS TRUCKING, CLINTON DORRIS, CLINTON DORRIS a/k/a HOMER CLINTON DORRIS, and CLINTON DORRIS d/b/a EVERY SAVINGS POSSIBLE | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER TO SUMMONS AND VERIFIED COMPLAINT

Defendants Wesley Smith Dallas s/h/a Wesley Smith Dallas, Wesley Smith Dallas d/b/a Dallas Trucking, and Homer Clinton Dorris s/h/a Clinton Dorris, Clinton Dorris a/k/a Homer Clinton Dorris, and Clinton Dorris d/b/a Every Savings Possible by their attorneys, Newman Fitch Altheim Myers, P.C., as and for their answer to plaintiff's verified complaint, allege upon information and belief as follows:

FIRST: Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "20", "21", "22", "23", "26" and "27" of plaintiff's verified complaint.

SECOND:    Admit each and every allegation contained in paragraph "2" of plaintiff's verified complaint.

THIRD:    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "14", "15", "16", "17", "18" and "19" of plaintiff's verified

complaint, except to admit that Wesley Smith Dallas operated a vehicle with the permission and consent of the owner.

FOURTH:    Deny each and every allegation contained in paragraphs "24", "25", "28", "29", "30", "31" and "32" of plaintiffs' verified complaint.

## AS AND FOR A FIRST, SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:    Plaintiff lacks personal jurisdiction over defendant Homer Clinton Dallas s/h/a Clinton Doris, Clinton Dorris a/k/a Homer Clinton Dorris, and Clinton Dorris d/b/a Every Savings Possible for failure to effectuate proper service.

## AS AND FOR A SECOND, SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH:    Plaintiff's action against Wesley Smith Dallas s/h/a Wesley Smith Dallas, Wesley Smith Dallas d/b/a Dallas Trucking is stayed and/or barred by the provisions of the applicable Bankrutpcy statutes in light of Mr. Dallas' filing of a Chapter 7 proceeding on or about November 16, 2007.

## AS AND FOR A THIRD, SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:    The plaintiff causes of action is barred by the Insurance Law §§ 5102 and 5104 in that the plaintiff and the answering defendants are "covered persons" and Insurance Law § 5104 states that in any action by or on behalf of a "covered person" for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right to recovery for a non-economic loss, except in the case of "serious injury" or economic loss greater than basis economic loss as defined in said Insurance Law.

## AS AND FOR A FOURTH, SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:     That in the event of any judgment or verdict on behalf of the

plaintiff, these defendants are entitled to a set-off or verdict with respect to the amounts of any

payments made to the plaintiff for medical and other expenses prior thereto pursuant to § 4545 of

the CPLR.

## AS AND FOR A FIFTH, SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:     If the injuries and damages were sustained by the plaintiff at the

time and place, and in the manner alleged in the complaint, such damages and injuries are

attributable, in whole or in part, to the comparative negligence and culpable conduct of the

plaintiff, and if any damages are recoverable against the defendants the amount of such damages

shall be diminished in proportion which the comparative negligence and culpable conduct

attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A SIXTH, SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSES

TENTH:     Upon information and belief, the liability for the subject incident

may have already been determined, in part or in whole, in a prior proceeding and the doctrines of

res judicata and collateral estoppel may therefore apply.

## AS AND FOR A NINTH, SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSES

THIRTEENTH:   Plaintiff's action is barred by the expiration of the applicable

statute of limitations.

## CONCLUSION

WHEREFORE, these answering defendants Wesley Smith Dallas s/h/a Wesley

Smith Dallas, Wesley Smith Dallas d/b/a Dallas Trucking and Homer Clinton Dorris s/h/a

Clinton Dorris, Clinton Dorris a/k/a Homer Clinton Dorris, and Clinton Dorris d/b/a Every

Savings Possible demand judgment dismissing the plaintiff's verified complaint, together with the

costs and disbursements of this action.

Dated: New York, New York
      January 7, 2008

                Respectfully submitted,

                NEWMAN FITCH ALTHEIM MYERS, P.C.
                Attorneys for Defendants
                WESLEY SMITH DALLAS s/h/a WESLEY
                SMITH DALLAS, WESLEY SMITH
                DALLAS d/b/a DALLAS TRUCKING, and
                HOMER CLINTON DORRIS s/h/a
                CLINTON DORRIS, CLINTON DORRIS
                a/k/a HOMER CLINTON DORRIS, and
                CLINTON DORRIS d/b/a EVERY SAVINGS
                POSSIBLE

                s/Charles W. Kreines
                CHARLES W. KREINES [8357]
                14 Wall Street - 22nd Floor
                New York, New York 10005-2101
                Telephone: (212) 619-4350
                Our Ref. No.: CI 16433

TO:    MICHAEL S. MURPHY
        Attorneys for Plaintiff
        JUAN SANCHEZ
        25-28 Broadway
        Astoria, New York 11106
        (718) 267-1717

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JUAN SANCHEZ, | ) | Judge Cedarbaum |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 08 CV 0055 |
| | ) | |
| WESLEY SMITH DALLAS, WESLEY SMITH | ) | |
| DALLAS d/b/a DALLAS TRUCKING, CLINTON | ) | |
| DORRIS, CLINTON DORRIS a/k/a HOMER | ) | |
| CLINTON DORRIS, and CLINTON DORRIS | ) | |
| d/b/a EVERY SAVINGS POSSIBLE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                         :ss.:
COUNTY OF NEW YORK  )

      CHARLES W. KREINES, an attorney admitted to practice in the State of New York, affirms: That the undersigned is a Member of the firm of NEWMAN FITCH ALTHEIM MYERS, P.C., attorneys for Defendants, Wesley Smith Dallas s/h/a Wesley Smith Dallas, Wesley Smith Dallas d/b/a Dallas Trucking, and Homer Clinton Dorris s/h/a Clinton Dorris, Clinton Dorris a/k/a Homer Clinton Dorris, and Clinton Dorris d/b/a Every Savings Possible in the within action; that the undersigned has read the foregoing **Verified Anwer to Summons and Verified Complaint** and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

      The undersigned further states that the reason this affirmation is made by the undersigned and not by defendants are that the defendants are outside the county where the undersigned maintains his offices.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated:  New York, New York
        January 7, 2008

s/Charles W. Kreines

CHARLES W. KREINES [8357]

## CERTIFICATE OF SERVICE

I hereby certify that the answer to summons and verified complaint has been served on the attorney for plaintiff at the following last-known address:

>MICHAEL S. MURPHY
>Attorneys for Plaintiff
>JUAN SANCHEZ
>25-28 Broadway
>Astoria, New York 11106
>(718) 267-1717

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

s/Charles W. Kreines
CHARLES W. KREINES [8357]

Dated: January 7, 2008

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

IN RE: Wesley S. Dallas
     FDBA Dallas Trucking
     420 Richland Cir.

Case no. 307-08541
Ch. 7
Judge Lundin

NOTICE-FILING OF BANKRUPTCY INCLUDING
CREDITOR WITH PROVISION OF "AUTOMATIC
STAY" OF BANKRUPTCY SEC. 361 AND 362

TO: Michael S. Murphy, Attorney
    RE: JUAN SANCHEZ, Plaintiff
    25-28 Broadway
    Astoria, NY 11106
  RE: Sanchez vs. Wesley Smith Dallas,
DBA Dallas Trucking (Supreme Court
New York – Bronx County)
Amt.-$ 20,000.00 (more or less) ? –Unsecured

TO: Meridian Company
    RE: Firestone Bridgestone Co.
    951 Hornet Dr.
    Hazelwood, M) 630421-2309
    Amt. $1,147.78 Unsecured

Debtor hereby gives notice of the filing of Ch. 7 Bankruptcy, Case # 307-08541 on on
Nov. 16, 2007 in Middle District Of Tennessee, Nashville, TN 37203. A copy of the
official bankruptcy notice is attached hereto. This is a "no asset" case and notice is given
to the above two (2) unsecured creditors or pending creditors. The sec. 341 meeting was
held on Dec. 17, 2007 at 1:00 p.m.with deadline dates set on Feb. 15, 2008. The case still
being active.  As is consistent with "IN RE MADAJ"; this notice now includes the above
two (2) unsecured creditors to be discharged in this bankruptcy case.

This 28th day of December, 2007

/s/ Wesley S. Dallas
Wesley S. Dallas: Debtor

/s/ Darrell Troutt
Darrell Troutt, Attorney For Debtor
127 S. Water Ave.-Gallatin, TN 37066
PH: (615) 452-6906 FAX: 452-6906
dgtrouttattv@bellsouth.net

CERTIFICATE
    I certify that an exact copy of this Notice has been provided to US Trustee-701
Broadway-3rd Fl-Customs Bldg.-Nashville, TN 37203, David Rogers-7003 Chadwick
Dr., Ste 151-Brentwood, TN 37027 (Trustee) and the above two (2) creditors added as
stated herein by mail or electronically (ECF) this 28th day of December, 2008.

/s/ Darrell Troutt
Darrell Troutt, Attorney