UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN SANCHEZ

                       *Plaintiff,*

-against-

WESLEY SMITH DALLAS, WESLEY SMITH
DALLAS d/b/a DALLAS TRUCKING, CLINTON
DORRIS, CLINTON DORRIS a/k/a HOMER
CLINTON DORRIS, and CLINTON DORRIS
d/b/a EVERY SAVINGS POSSIBLE

                       *Defendants.*
------------------------------------------------------------X

08 CV 0055

REPLY AFFIRMATION
IN SUPPORT OF
MOTION TO REMAND

Judge Cedarbaum

      LARRY DORMAN, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, affirms the truth of the following under penalty of perjury:

      1.    I am counsel to the plaintiff, JUAN SANCHEZ, and submit this reply affirmation in further support of plaintiff's motion to remand.

      2.    As the opposing papers point out, the Bronx County action was commenced on October 12, 2007, prior to the defendant's bankruptcy filing on November 16, 2007. Thus, the action was not commenced in violation of the bankruptcy stay.

      3.    The defendants argue that the subsequent service of process on defendant DALLAS is a nullity, but cite no authority for that proposition.

4.  The automatic stay provision of 11 USC § 362[a][1] has been interpreted to allow New York State courts to obtain jurisdiction over defendants who have filed for bankruptcy protection, but that such actions are stayed from continuation of judicial proceedings. *Kleinsleep Prods. v. McCrory Corp.*, 271 A.D.2d 411, 708 N.Y.S.2d 296 (2nd Dept. 2000); *International Fid. Ins. Co. v. European Amer. Bank*, 129 A.D.2d 697, 514 N.Y.S.2d 441 (2nd Dept. 1987); *Hymil Assoc. v. Scott*, 12 Misc.3d 34, 816 N.Y.S.2d 814 (App. Term, 1st Dept. 2006).

5.  As such, the Supreme Court of Bronx County has obtained jurisdiction over defendant DALLAS. Thus, as argued in the moving papers, defendant DALLAS has not consented to removal, individually or by authority of the bankruptcy court, rendering the Notice of Removal defective as it violates the "rule of unanimity."

WHEREFORE, it is respectfully requested that this action be remanded to the Supreme Court of Bronx County.

Dated:   Astoria, New York
         March 4, 2008

Respectfully submitted,

LARRY DORMAN (LD 0520)
MICHAEL S. MURPHY
*Attorneys for Plaintiff*
25-28 Broadway
Astoria, New York 11106
(718) 267-1717